UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BRENDA RICHARDSON                                                                PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:16-CV-00617-CRS-DW

DOLLAR GENERAL CORPORATION,
DOLLAR GENERAL PARTNERS,
DG STRATEGIC VI, LLC, and
UNKNOWN DEFENDANT                                                              DEFENDANTS

Memorandum Opinion

I.  Introduction

This matter is before the Court on the motion of Dollar General Corporation, Dollar General Partners, and DG Strategic VI, LLC ("Dollar General") for summary judgment under Federal Rule of Civil Procedure 56(a), ECF No. 13. Plaintiff Brenda Richardson responded, ECF No. 16. Dollar General replied, ECF No. 17. For the reasons explained below, the Court will deny Dollar General's motion for summary judgment.

II. Background

On September 7, 2015, Richardson went to Dollar General's store in Elizabethtown, Kentucky ("the store") around 12:00 P.M. Compl. ¶¶ 5, 10, ECF No. 1-1; Richardson Dep. 2, ECF No. 16-2. A record of climatological observations attached as an exhibit to Richardson's memorandum of law shows that it did not rain in Elizabethtown that day. Ex. 1 at 3, ECF No. 16-1. Richardson testified at her deposition that it might have rained or "sprinkled" earlier in the day. Richardson Dep. 3, ECF No. 13-1.

Richardson remembered that she parked her car in front of the store. Richardson Dep. 3, ECF No. 16-2. When opposing counsel asked her if she might have been taking extra precautions

1

while walking into the store because the floors could have been wet, Richardson answered in the affirmative. Richardson Dep. 4, ECF No. 13-1. She said that she began walking towards the store's front entrance. *Id*. at 3. The automatic doors opened. *Id*. Almost immediately after entering the store, she slipped and fell to the floor. *Id*.

Richardson further testified that she did not see that the floor was slippery until she was on the ground. Richardson Dep. 6, ECF No. 16-2. But as she was walking into the store, she saw a yellow cone on the floor that signaled that the floor was slippery. Richardson Dep. 5, ECF No. 13-1. Richardson stated that the yellow cone was beyond where she slipped and fell. *Id*. at 6.

In her deposition, Richardson agreed that she had a responsibility for her own safety and a responsibility to look where she was walking. *Id*. at 9. She then affirmed that if she had looked at the floor before she fell, she would have been able to see that it was wet. *Id*.

Richardson filed suit against Dollar General in the Hardin County, Kentucky Circuit Court in September 2016. Compl. 1, ECF No. 1-1. She asserts that Dollar General was negligent in maintaining the entrance of the store, which caused her injuries. *Id*. ¶¶ 6–13. She seeks compensatory damages and all other appropriate relief. *Id*. at 6. Soon after she filed suit in the Hardin County Circuit Court, Dollar General removed the case to this Court. Not. Removal 1, ECF No. 1. Dollar General now moves for summary judgment on her claims. Mot. Summ. J. 1, ECF No. 13.

III. <u>Standard of Review</u>

Before granting a motion for summary judgment, a court must find that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of establishing the nonexistence of any issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S.

317, 322 (1986). The moving party satisfies this burden by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). When resolving a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

IV.    Discussion

In premises liability cases, land possessors generally owe invitees a duty to "discover unreasonably dangerous conditions on the land and to either correct them or warn of them." *Ky. River Med. Ctr. v. McIntosh*, 319 S.W.3d 385, 388 (Ky. 2010). Traditionally, in Kentucky, when the unreasonably dangerous conditions on the land were open and obvious, the landowner's duty of care owed to invitees would have been eliminated, and the landowner could not be held liable in negligence. *Shelton v. Ky. Easter Seals Soc'y, Inc.*, 413 S.W.3d 901, 910 (Ky. 2013); *see also Standard Oil v. Manis*, 433 S.W.2d 856, 858 (Ky. 1968) (establishing that "natural outdoor hazards which are as obvious to an invitee as to an owner of the premises do not constitute unreasonable risks to [the invitee] which the landowner has a duty to remove or warn against").

The law has since changed. In 2010, the Kentucky Supreme Court explained that the state's adoption of a comparative fault tort regime compelled modifying the open and obvious doctrine of premises liability. *McIntosh*, 319 S.W.3d at 389; *see also Hilen v. Hays*, 673 S.W.2d 713, 720 (Ky. 1984) (supplanting Kentucky's contributory negligence doctrine with comparative negligence). In a comparative fault tort regime, "every person has a duty of ordinary care in light of the situation, and that duty applies equally to plaintiffs and defendants." *Carter v. Bullitt Host, LLC*, 471 S.W.3d 288, 298 (Ky. 2015).

No longer is a landowner's duty of care to the invitee automatically eliminated when an unreasonably dangerous condition on the land is open and obvious. *McIntosh*, 319 S.W.3d at 392. The landowner may still be held liable for his own negligence. *Id*. That is, if the landowner is able to reasonably foresee that the invitee would be injured by the open and obvious danger and nonetheless fails to take reasonable precautions to prevent the injury, he may be held liable. *Id*. But when a "situation cannot be corrected by any means or when it is beyond dispute that the landowner has done all that was reasonable," the trier of fact could find that the landowner is not liable for the invitee's injuries. *Carter*, 471 S.W.3d at 297.

The landowner's liability, if any, will be reduced by the negligence of the invitee. *See McIntosh*, 319 S.W.3d at 392. And when the unreasonably dangerous condition is open and obvious, there is a higher duty placed on the invitee to "to look out for his own safety." *Id*. The plaintiff who is "paying reasonable attention" should notice a condition that is open and obvious and should take reasonable precautions to prevent his or her injury. *Id*. But the plaintiff is not without a defense to the assertion that he should have noticed an open and obvious condition: "there could be a foreseeable distraction, or the intervention of a third party pushing the plaintiff into the danger," although "a jury could still reasonably find some degree of fault by the plaintiff" in these situations. *Id*.

Before addressing the merits of the parties' arguments, the Court notes that the parties strongly dispute whether the slippery substance on the floor was tracked-in rainwater. *See* Mot. Summ. J. 5–11, ECF No. 13 (mentioning that the substance on the floor was tracked-in rainwater); Resp. Opp. Mot. Summ. J. 7–11, ECF No. 16 (claiming that the available evidence more likely shows that Dollar General had allowed water to accumulate in the area after an employee mopped the floor or after there had been a "spill of some kind"); Reply 5, ECF No. 17

4

("In this case it is undisputed that on the day in question that precipitation occurred, although [Richardson] makes considerable effort to contend the amount."). The origin of the substance on the floor does not convey whether the substance was unreasonably dangerous, or open or obvious, at the time Richardson slipped. Nor does it convey whether Dollar General met its duty of care that it owed to invitees in light of the substance's presence on the floor or whether Richardson met her duty of care to look out for her own safety. Thus, the origin of the substance is not significant to this motion for summary judgment as a matter of law or fact, and the Court refrains from making a finding regarding the origin of the substance.[1]

Turning to the merits of Dollar General's arguments, Dollar General first maintains that summary judgment should be granted because the substance on the floor was not unreasonably dangerous. Mot. Summ. J. 4–5, ECF No. 13. Dollar General summarily writes, "the tracked-in water did not create an unreasonably dangerous condition on [its] premises, but rather an open and obvious condition for which [it was] not required to eliminate or warn." *Id.* at 5. Richardson does not appear to address the issue of whether the substance on the floor was unreasonably dangerous. *See* Resp. Opp. Mot. Summ. J. 7–22, ECF No. 16.

Taking all facts in the light most favorable to Richardson, the substance on the floor could have been unreasonably dangerous. Dollar General fails to show otherwise: Dollar General provides no evidence, analysis, or other support for its conclusory statement that the substance on the floor was not unreasonably dangerous. Because Dollar General has not met its burden of

---

[1] Additionally, whether the substance on the floor was tracked-in rainwater is unclear given the available evidence. Richardson testified at her deposition that it had rained or "sprinkled" before she entered the store. Richardson Dep. 3, ECF No. 13-1. But a record of climatological observations provided by Richardson shows that it did not rain on September 7, 2015 in Elizabethtown. Ex. 1 at 3, ECF No. 16-1.

showing that the substance on the floor was not unreasonably dangerous, summary judgment is inappropriate on this first ground.

Dollar General secondly argues that summary judgment should be granted because the substance on the floor, even if it were unreasonably dangerous, was open and obvious. Dollar General explains that "the wet floor caused by tracked-in rainwater was open and obvious to [Richardson] because [Richardson] was aware of the risk and, as a reasonable person with common knowledge of rainy conditions, understood the risk of such a condition." *Id.* at 6. Richardson, however, maintains that even if the substance on the floor was open and obvious, the open and obvious nature of the substance does not bar her claim. Resp. Opp. Mot. Summ. J. 16, ECF No. 16. Richardson further argues that the available evidence shows that the substance was not open and obvious. *Id.*

Richardson is correct that the alleged open and obvious nature of the substance on the floor does not bar her claim. As noted above, under current Kentucky law, a landowner's duty of care is not automatically eliminated if a condition is open and obvious. *McIntosh*, 319 S.W.3d at 392. If the landowner is able to reasonably foresee that the invitee would be injured by the open and obvious danger and nevertheless fails to take reasonable precautions to prevent the injury, he may be held liable. *Id.* The landowner's liability, if any, will be reduced by the negligence of the invitee. *Id.*

Thus, even if the substance on the floor had been open and obvious, Dollar General's duty of care would not have been automatically eliminated. If Dollar General had been able to reasonably foresee that any invitee would be injured by the substance on the floor and still failed to reasonable precautions to prevent the injury, it may still be held liable in this case. Dollar

General's liability, if any, would then be reduced by Richardson's negligence in failing to care for her own safety in regards to the presence of the substance on the floor.

Moreover, it is unclear from the available evidence whether the substance on the floor was open and obvious. Under Kentucky law, an unreasonably dangerous condition is open and obvious when the plaintiff subjectively knows of the condition and appreciates the danger or when, objectively, "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." *Webb*, 413 S.W.3d at 895 (citing Restatement (Second) of Torts § 343A(1) cmt. b (1965)). Open and obvious conditions have been found to include a twelve-inch orange warning cone over which the plaintiff tripped, *Wiley v. Sam's Club, Inc.*, No. 3:14-CV-54-GNS, 2015 U.S. Dist. LEXIS 76305, at *1 (W.D. Ky. June 11, 2015), wires strung along the side of a hospital bed, *Shelton*, 413 S.W.3d at 906, gravel in a parking lot, *Lucas v. Gateway Cmty. Servs. Org., Inc.*, 343 S.W.3d 341, 345 (Ky. Ct. App. 2011), and an "unusual curb" next to an emergency room, *McIntosh*, 319 S.W.3d at 393.

In comparison, black ice, water on the floor next to wet floor mats, and a parking barrier spanning two parking spaces have been found not to be open and obvious conditions. *See Garrity v. Wal-Mart Stores E., Ltd. P'ship*, 288 F.R.D. 395, 405 (W.D. Ky. 2012) (finding genuine issue of material fact as to whether the black ice on which the plaintiff slipped was open and obvious); *Webb*, 413 S.W.3d at 896 ("Here, because of the appearance of the tile and the water, the condition was not easily perceptible without closer inspection beyond the exercise of reasonable care."); *Edwards v. Target Corp.*, No. 3:11-CV-00138-R, 2012 U.S. Dist. LEXIS 51740, at *1, *4 (W.D. Ky. Apr. 12, 2012) (explaining how a parking barrier's layout was so unusual as to not be open and obvious).

In this case, Richardson testified in her deposition that she did not see that the floor was slippery until she had fallen to the ground. Richardson Dep. 6, ECF No. 16-2. Dollar General has failed to provide evidence showing that a reasonable person, exercising ordinary perception, intelligence, and judgment, would be able to see the substance on the floor before slipping and falling to the ground. And, without more information, the Court is unable to say that a reasonable person would have recognized the floor's slippery condition upon entering the store.

In sum, because whether the substance on the floor was open and obvious would not automatically terminate Dollar General's duty of care owed to invitees, including Richardson, and because whether the substance on the floor was open and obvious is unclear from the limited evidence provided by the parties, the Court declines to grant Dollar General's motion for summary judgment based on the alleged open and obvious nature of the substance.

Dollar General thirdly argues that summary judgment should be granted on Richardson's claims because it satisfied the duty of care that a landowner owes to an invitee by placing a yellow cone near the substance on the floor. Mot. Summ. J. 7–9, ECF No. 13. Richardson contends in opposition that the placement of the yellow cone near the substance on the floor was insufficient to satisfy the relevant standard of care owed to invitees. Resp. Opp. Mot. Summ. J. 12–18, ECF No. 16.

Here, Dollar General placed a yellow cone on the floor. Richardson Dep. 6, ECF No. 13-1. If the available evidence showed that the yellow cone had been placed sufficiently close to the substance on the floor such that there was no genuine dispute of fact that the cone was a reasonable precaution to prevent injury, summary judgment would be appropriate. But Dollar General does not provide *any* evidence showing that the cone's placement relative to the substance was a reasonable precaution to prevent invitees from being injured. And mere

placement on the floor might not make the yellow cone a reasonable precaution. As such, summary judgment is inappropriate at this time based on Dollar General's argument that it did not breach its duty of care because it placed a yellow cone near the substance on the floor.

Dollar General fourth and finally argues that the Court should grant its motion for summary judgment because Richardson did not exercise the standard of care expected of an ordinarily prudent person following a rainfall. Mot. Summ. J. 9–11, ECF No. 13. Richardson maintains, however, that even if she were negligent, such a finding would not foreclose her recovery altogether under Kentucky law. Resp. Opp. Mot. Summ. J. 18–21, ECF No. 16.

As noted above, Kentucky follows the doctrine of comparative negligence for all tort cases, including those cases based on the open and obvious doctrine of premises liability. *Carter*, 471 S.W.3d at 289–90. Under the comparative negligence doctrine, "an invitee's negligence does not foreclose recovery, it merely reduces it." *Goodwin v. Al J. Schneider Co.*, 501 S.W.3d 894, 899–900 (Ky. 2016). Given that Kentucky follows the doctrine of comparative negligence in tort cases, the Court declines to grant Dollar General's motion for summary judgment based on Richardson's alleged negligence.

V.  Conclusion

The Court will deny Dollar General's motion for summary judgment under Federal Rule of Civil Procedure 56(a). An order will be entered in accordance with this memorandum opinion.

May 16, 2017

    **Charles R. Simpson III, Senior Judge**
    **United States District Court**