UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BRENDA RICHARDSON                                                                                    PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:16-CV-00617-CRS-DW

DOLLAR GENERAL CORPORATION,
DOLLAR GENERAL PARTNERS,
DG STRATEGIC VI, LLC, and
UNKNOWN DEFENDANT                                                                               DEFENDANTS

Memorandum Opinion

I.  Introduction

This matter is before the Court on the motion of Defendants Dollar General Corporation, Dollar General Partners, and DG Strategic VI, LLC (collectively, "Dollar General") to alter or amend the Court's May 16, 2017 memorandum opinion and order under Federal Rule of Civil Procedure 59(e), ECF No. 20.[1] Plaintiff Brenda Richardson responded, ECF No. 21. Dollar General replied, ECF No. 22. For the reasons explained below, the Court will deny Dollar General's motion to alter or amend the May 16, 2017 memorandum opinion and order.

II. Background

The Court recounted the facts of this case at length in its May 16, 2017 memorandum opinion. *See* Mem. Op. 5/16/2017 1–2, ECF No. 18. The Court, however, believes a brief review of the events giving rise to the claims and the procedural history of the case would be of

---

[1] Dollar General moves to alter or amend the Court's May 16, 2017 memorandum opinion and order under Kentucky Rule of Civil Procedure 56.02. Because this Court is sitting in diversity, it will apply the Federal Rules of Civil Procedure and Kentucky substantive law. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). Accordingly, this Court construes Dollar General's motion as a motion to alter or amend under Federal Rule of Civil Procedure 59(e).

1

assistance in considering the current motion to alter or amend the May 16, 2017 memorandum opinion and order.

On September 7, 2015, Richardson went to Dollar General's store in Elizabethtown, Kentucky ("the store") around 12:00 P.M. Compl. ¶¶ 5, 10, ECF No. 1-1; Richardson Dep. 2, ECF No. 16-2. Richardson remembered that she parked her car in front of the store. Richardson Dep. 3, ECF No. 16-2. She said that she began walking towards the store's front entrance. Richardson Dep. 3, ECF No. 13-1. The automatic doors opened. *Id*. Almost immediately after entering the store, she slipped and fell to the floor. *Id*.

Richardson further testified that she did not see that the floor was slippery until she was on the ground. Richardson Dep. 6, ECF No. 16-2. But as she was walking into the store, she saw a yellow cone on the floor that signaled that the floor was slippery. Richardson Dep. 5, ECF No. 13-1. Richardson stated that the yellow cone was beyond where she slipped and fell. *Id*. at 6.

Richardson filed suit against Dollar General in the Hardin County, Kentucky Circuit Court in September 2016. Compl. 1, ECF No. 1-1. She asserts that Dollar General was negligent in maintaining the entrance of the store, which caused her injuries. *Id*. ¶¶ 6–13. She seeks compensatory damages and all other appropriate relief. *Id*. at 6. Soon after she filed suit in the Hardin County Circuit Court, Dollar General removed the case to this Court. Not. Removal 1, ECF No. 1.

Dollar General then moved for summary judgment. Mot. Summ. J. 1, ECF No. 13. In relevant part, Dollar General argued that summary judgment should be granted on Richardson's claims because it satisfied the duty of care that a landowner owes to an invitee under Kentucky law by placing a yellow cone near the substance on the floor. *Id*. at 7–9. In its May 16, 2017 memorandum opinion, the Court explained that this argument was unavailing because—although

Dollar General had placed a yellow cone on the floor—Dollar General did "not provide *any* evidence showing that the cone's placement relative to the substance was a reasonable precaution to prevent invitees from being injured." Mem. Op. 5/16/2017 8, ECF No. 18 (emphasis in original). The Court also noted, "If the available evidence showed that the yellow cone had been placed sufficiently close to the substance on the floor such that there was no genuine dispute of fact that the cone was a reasonable precaution to prevent injury, summary judgment would be appropriate." *Id*.

III.  Discussion

Dollar General now moves to alter or amend the May 16, 2017 memorandum opinion and order under Federal Rule of Civil Procedure 59(e). Mot. Amend 1, ECF No. 20. Because Dollar General's motion is untimely, Court will also address whether Dollar General is entitled to relief under Federal Rule of Civil Procedure 60(b).

    A.    <u>Whether the May 16, 2017 Memorandum Opinion and Order Should be Altered or Amended under Rule 59(e)</u>

Rule 59(e) provides that a party may move to alter or amend a judgment previously issued by the court. Rule 59(e) is intended to permit a court to "rectify its own mistakes in the period following the entry of judgment." *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982). A court may alter a prior judgment under Rule 59(e) based only on (1) "a clear error of law," (2) "newly discovered evidence," (3) "an intervening change in controlling law," or (4) "a need to prevent manifest injustice." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

A Rule 59(e) motion is not "an opportunity to reargue a case." *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008). Parties should not use Rule 59(e) motions to raise arguments

that could or should have been raised before the court issued the judgment. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Rule 59(e) motions are "extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171-H, 2007 U.S. Dist. LEXIS 29881, at *4 (W.D. Ky. Apr. 19, 2007).

Dollar General argues that the May 16, 2017 memorandum opinion and order should be altered or amended because "permitting the case to proceed towards trial would create a manifest injustice to [Dollar General], who acted reasonably given the circumstances, and thereby, under Kentucky . . . law[, is] entitled to summary judgment in [its] favor." Mot. Amend 3, ECF No. 20. Dollar General explains that it satisfied the duty of care that a landowner owes to an invitee by placing a yellow cone near the substance on the floor. *Id*. at 3–6. It further asserts that it placed a cone sufficiently close to the substance on the floor and that the cone was a reasonable precaution to prevent injury. *Id*.

Richardson, however, maintains that the Court should deny the motion to alter or amend the May 16, 2017 memorandum opinion and order because (1) the motion is untimely, (2) Dollar General failed to present any evidence showing that the placement of the cone satisfied its duty of care owed to invitees, (3) a Louisiana state court case cited by Dollar General is unpersuasive, and (4) Dollar General has failed to assert a sufficient basis for reversal of the denial of summary judgment. Resp. Opp. Mot. Amend 3–14, ECF No. 21.

As an initial matter, the Court must determine whether Dollar General's motion was timely filed. A Rule 59(e) motion must be made within twenty-eight days of the entry of judgment. Federal Rule of Civil Procedure 6(b) provides that a court may not extend the time for filing a motion under Rule 59(e). Here, the judgment was entered on May 17, 2017. *See* Order 5/16/2017 1, ECF No. 19. Twenty-eight days after May 17, 2017 is June 14, 2017. Dollar

General filed the motion to alter or amend the May 16, 2017 memorandum opinion and order on June 15, 2017, twenty-nine days after their entry of the May 16, 2017 memorandum opinion and order. *See* Mot. Alter 1, ECF No. 20. Because the Court lacks the authority to extend the time for filing a Rule 59(e) motion under the Federal Rules of Civil Procedure, the Court will deny Dollar General's motion to alter or amend the May 16, 2017 memorandum opinion and order under Rule 59(e) as untimely.

    B.    <u>Whether the May 16, 2017 Memorandum Opinion and Order Should be Altered or Amended under Rule 60(b)</u>

A motion to alter or amend a judgment that is untimely is properly construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). Because Dollar General's motion was filed outside the time for filing a Rule 59(e) motion, the Court construes its current motion as a Rule 60(b) motion. *See Donaldson v. Central Mich. Univ.*, 109 F. App'x 15, 17 (6th Cir. 2004).

Rule 60(b) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for reasons such as "mistake, inadvertence, surprise, or excusable neglect," "fraud . . ., misrepresentation, or misconduct by an opposing party," or because "the judgment has been satisfied, released, or discharged." Rule 60(b) relief may also be granted "for any other reason that justifies relief," which requires exceptional or extraordinary circumstances. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

Rule 60(b) relief is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (citing *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). The moving party has the burden of showing that he or she is

5

entitled to relief under Rule 60(b). *Eglinton v. Loyer (In re G.A.D., Inc.)*, 340 F.3d 331, 334 (6th Cir. 2003).

Dollar General fails to demonstrate exceptional or extraordinary circumstances justifying relief under Rule 60(b). Dollar General merely repeats arguments that it made in its original motion for summary judgment or raises arguments that could have been raised before the Court denied its motion for summary judgment. Dollar General still does not provide evidence showing that the cone's placement relative to the substance on the floor was a reasonable precaution to prevent invitees from being injured. Dollar General states that the cone "clearly was in 'close proximity' to where Plaintiff fell, or in other words, to the substance on which Plaintiff slipped." Mot. Amend 5, ECF No. 20. But Dollar General never identified the cone in the photographic evidence from the video surveillance equipment, nor did it ask Richardson to estimate the distance between the cone and the substance on the floor. Accordingly, the Court will deny Dollar General's motion for relief from the May 16, 2017 memorandum opinion and order under Rule 60(b).

IV. Conclusion

The Court will deny Dollar General's motion to alter or amend the May 16, 2017 memorandum opinion and order. An order will be entered in accordance with this memorandum opinion.

August 4, 2017

Charles R. Simpson III, Senior Judge
United States District Court

6