UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BRENDA RICHARDSON                                                    PLAINTIFF


v.                                              CIVIL ACTION NO. 3:16-CV-617-CRS-RSE


DOLLAR GENERAL CORPORATION,
DOLLAR GENERAL PARTNERS,
DG STRATEGIC VI, LLC, and
UNKNOWN DEFENDANT                                                  DEFENDANTS

## MEMORANDUM OPINION

### I.  INTRODUCTION

This matter is before the Court on the renewed motion of Dollar General Corporation,

Dollar General Partners, and DG Strategic VI, LLC ("Dollar General") for summary judgment

under Federal Rule of Civil Procedure 56(a).[1]  DN 37.  Plaintiff Brenda Richardson responded.

DN 39. Dollar General replied.  DN 42.  For the reasons explained below, the Court will deny

Dollar General's renewed motion for summary judgment.

### II.  BACKGROUND

This case arises out of a slip-and-fall that occurred on September 7, 2015 at a Dollar

General in Elizabethtown, Kentucky.  The Court recounted the facts of this case at length in its

May 16, 2017 memorandum opinion (DN 18), and again briefly in its August 7, 2017

memorandum opinion (DN 23).  The Court will, again, briefly summarize the events giving rise

to the claims and provide an updated procedural history of the case.

---

[1] Dollar General moves for summary judgment under Kentucky Rule of Civil Procedure 56.02. Because this Court is sitting in diversity, it will apply the Federal Rules of Civil Procedure and Kentucky substantive law. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). Accordingly, this Court construes Dollar General's motion as a motion for summary judgment under Federal Rule of Civil Procedure 56(a).

On September 7, 2015, Richardson went to Dollar General's store in Elizabethtown, Kentucky ("the store") at approximately 12:00 P.M. *Richardson Dep.*, DN 37-2, at 39:14-39:23. Almost immediately after entering the store, Richardson slipped and fell to the floor. *Id.* at 44:3-44:8. Richardson testified that she did not look down at the floor and she did not see that the floor was wet until she was on the ground. *Id.* at 55:22-56:21. Richardson acknowledged there was a "wet floor" cone at the front of the store, but that the cone was beyond where she slipped and fell. *Id.* at 48:22-48:24; 50:1-50:22. Both Richardson and Kay Duvall, a manager at the store, testified it rained on the date of the accident.[2] *Richardson Dep.*, DN 37-2, at 44:16-44:22; *Duvall Dep.*, DN 39-2, at 40:7, 40:14-40:16.

Richardson brought this premises liability action against Dollar General. Dollar General then moved for summary judgment claiming, in relevant part, that Dollar General satisfied the duty of care that a landowner owes to an invitee under Kentucky law by placing a yellow cone near the substance on the floor. DN 13, at 7–9. In its memorandum opinion dated May 16, 2017, this Court explained this argument was unavailing because—although Dollar General had placed a yellow cone on the floor—Dollar General did "not provide *any* evidence showing that the cone's placement relative to the substance was a reasonable precaution to prevent invitees from being injured." DN 18, at 8 (emphasis in original). This Court noted, "[i]f the available evidence showed that the yellow cone had been placed sufficiently close to the substance on the floor such that there was no genuine dispute of fact that the cone was a reasonable precaution to prevent injury, summary judgment would be appropriate." *Id.*

---

[2] The parties dispute whether the slippery substance on the floor was tracked-in rainwater. As discussed in this Court's May 17, 2017 memorandum opinion, however, the origin of the substance is not significant to this motion for summary judgment as a matter of law or fact. DN 18, at 4–5. The Court, therefore, refrained and will continue to refrain from making a finding regarding the origin of the substance.

On June 15, 2017, Dollar General moved to alter or amend the May 16, 2017 memorandum opinion arguing that summary judgment was appropriate because "the cone clearly was in close proximity to where Plaintiff fell, or in other words, to the substance on which Plaintiff slipped." DN 20, at 5. In support of this assertion, Dollar General attached a still from surveillance footage showing the cone "in close proximity" to where Richardson fell. *Id.* at 5 (internal quotation marks omitted); DN 20-2. In its August 7, 2017 memorandum opinion, this Court denied Dollar General's motion to alter or amend the Court's prior memorandum opinion:

> Dollar General merely repeats arguments that it made in its original motion for summary judgment or raises arguments that could have been raised before the Court denied its motion for summary judgment. Dollar General still does not provide evidence showing that the cone's placement relative to the substance on the floor was a reasonable precaution to prevent invitees from being injured. Dollar General states that the cone 'clearly was in close proximity to where Plaintiff fell, or in other words, to the substance on which Plaintiff slipped.' Mot. Amend 5, ECF No. 20. But Dollar General never identified the cone in the photographic evidence from the video surveillance equipment, nor did it ask Richardson to estimate the distance between the cone and the substance on the floor.

DN 23, at 6. Now, Dollar General takes its third bite at the apple and renews its request for summary judgment on the issue of whether Dollar General satisfied the duty of care it owed, as a landowner, to an invitee.

### III. LEGAL STANDARD

Before granting a motion for summary judgment, a court must find that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of establishing the nonexistence of any issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party satisfies this burden by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P.

56(c).  When resolving a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## IV. DISCUSSION

The Court gave a detailed history of Kentucky premises liability law in its May 17, 2017 memorandum opinion.  *See* DN 18, at 3–4.  In summary, a landowner owes a duty to an invitee to take reasonable steps to either eliminate or warn of unreasonably dangerous conditions on its land. *Shelton v. Ky. Easter Seals Soc., Inc.*, 413 S.W.3d 901, 909 (Ky. 2013).  This duty exists whether the conditions are open and obvious or hidden.  *Goodwin v. Al J. Schneider Co.*, 501 S.W.3d 894, 899 (Ky. 2016).  In determining whether the landowner has breached its duty, "the court does not look to whether the conditions were open and obvious but to whether the landowner took reasonable steps to eliminate the risks created by the conditions." *Id.* (citing *Shelton*, 413 S.W.3d at 918).  If there is a genuine issue of material fact regarding the reasonableness of the steps the landowner took, then summary judgment is not appropriate.  *Id.*  Because Kentucky has adopted a comparative fault tort regime, an invitee's negligence does not foreclose recovery; it merely reduces it.  *Id*. at 899–900.  (citing *Ky. River Med. Ctr. v. McIntosh*, 319 S.W.3d 385 (Ky. 2010); *Shelton*, 413 S.W.3d 901; *Carter v. Bullitt Host, LLC.*, 471 S.W.3d 288 (Ky. 2015)).

Dollar General asks this Court to grant summary judgment asserting its placement of the yellow "wet-floor" cone is evidence that Dollar General took reasonable measures to eliminate and reduce the risk posed by the wet floor.  DN 42, at 1.  Relying on surveillance video footage, staged photographs reconstructing the scene at the time of the incident, and an affidavit from a Dollar General employee who was not present at the time of Richardson's injury, Dollar General

4

contends the yellow cone had been placed sufficiently close to the substance on the floor establishing that it was a reasonable precaution to prevent injury. DN 37-1, at 7. Thus, the issue presently before the Court is whether a jury should ultimately determine the question of whether Dollar General satisfied its duty of care by placing a yellow cone near the substance on the floor. Dollar General urges this Court to decide that question as a matter of law, while Richardson contends it is a question of fact for the jury to decide.

The surveillance video footage, which Dollar General relies on in its renewed motion, captured the incident. DN 44. Richardson enters the store and takes two steps on the mat. *Id.* 25:01-25:05. On her third step, which is off the mat, she slips and falls. *Id.* The parties do not dispute that the mat, which Ms. Duvall describes as a carpet rug, was wet at the time of the incident. *Duvall Dep.*, DN 39-2, at 43:2-43:15; 46:20-47:11. *See also* DN 39, at 11; DN 42, at 9–10. A "wet-floor" yellow cone is partially visible at the bottom of the frame of the surveillance footage. DN 44, at 25:01-25:05. Both parties contend that the yellow cone was approximately eight feet away from the threshold of the store's entrance. DN 37, at 4; DN 39, at 11. Dollar General contends that this placement of the cone was a reasonable precaution under the circumstances to prevent invitees from being injured. Richardson disagrees:

> This evidence combines to show that the slip hazard (*i.e.*, the soaking-wet mat and the slick concrete floor) was in fact *in front of* the yellow cone from the perspective of entering patrons. Thus, the jury can conclude that, to any reasonable patron entering the store, the cone appeared to warn of a hazard *beyond* the entryway, not *in* the entryway. Likewise, any reasonable juror can question why Ms. Duvall placed the yellow cone in precisely a position where it was likely to *mislead* patrons into believe that the area beyond the entryway presented a slip hazard, while the entryway itself did not.

DN 39, at 11 (emphasis in original).

In looking at the evidence, in the light most favorable to Richardson, factual issues exist as to the adequacy of the warning provided by Dollar General. While a reasonable juror could be

persuaded that Dollar General acted reasonably under the circumstances, a reasonable juror could also be persuaded by Richardson's arguments that Dollar General should have placed the cone either on or in front of the spot where the slippery hazard existed, or that Dollar General acted unreasonably in failing to use the additional cones that were available to it. *Id.* at 11–12.

In its May 17, 2017 memorandum opinion, this Court noted, "[i]f the available evidence showed that the yellow cone had been placed sufficiently close to the substance on the floor *such that there was no genuine dispute of fact that the cone was a reasonable precaution to prevent injury*, summary judgment would be appropriate." *Id*. (emphasis added). Although Dollar General provides evidence as to the *placement* of the cone, Dollar General's evidence shows that reasonable minds could differ as to whether the placement relative to the hazard was a reasonable precaution to prevent invitees form being injured. Whether Dollar General provided an adequate warning to Richardson under the circumstances should go to a jury. Accordingly, summary judgment is inappropriate.

## V. CONCLUSION

The Court will deny Dollar General's renewed motion of summary judgment. An order will be entered in accordance with this memorandum opinion.

January 22, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**

6